FILED
APRIL 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

CENTRAL LABORERS' PENSION FUND )
BOARD OF TRUSTEES, )
CENTRAL LABORERS' WELFARE FUND )
BOARD OF TRUSTEES, )
CENTRAL LABORERS' ANNUITY FUND )
BOARD OF TRUSTEES, and )
BARRY McANARNEY, )
                    Plaintiffs, )
v. )
CHAD VANDER MEERSCH, individually and d/b/a )
VANDER MEERSCH LAWN IMPROVEMENTS, )
                    Defendant(s). )

08 C 50061

JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., complaining against Defendant CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, allege as follows:

### COUNT I
### (ERISA CONTRIBUTIONS)

1. This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the

Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully described below. Venue is proper pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4.　　The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5.　　CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6.　　CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, does business in the Northern District of Illinois. CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7.　　CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more collective bargaining agreements and memorandum agreements, including but not limited to agreements executed on November 24, 1999 and June 4, 2003 (collectively, the "Memorandum of Agreement"). CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, has never terminated the agreements and they remain in effect.

8.　　CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9.　　CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds, including participation agreements, including but not limited to agreements executed on November 22, 1999,

June 4, 2003, and June 4, 2003 (collectively, the "Participation Agreement"). Copies of those agreements are attached as Exhibit A.

10. CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

11. CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

12. CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

13. Under the terms of the Collective Bargaining Agreement and Trust Agreements, CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

14. CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement, thereby breaching the Trust Agreements and Collective Bargaining Agreement; unpaid contributions due for the period total not less than the following:

Delinquent Contributions (04/2005, 06/2005, 12/2006):    **$4,987.95**

15.  The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

16.  Because contributions were not paid when due, CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

Liquidated Damages (04/2005, 06/2005, 12/2006):    $498.80
Liquidated Damages (08/2006 – Local 393):    $580.35
Liquidated Damages (09/2006 – Local 393):    $35.99
Liquidated Damages (10/2006 – Local 393):    $362.91
Liquidated Damages (10/2006 – Local 727):    $281.48
Liquidated Damages (11/2006 – Local 393):    $773.81
Liquidated Damages (05/2007 – Local 393):    $25.00
Liquidated Damages (06/2007 – Local 393):    $133.28

**Total:**    **$2,691.62**

17.  The total amount owed by CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, pursuant to the Trust Agreements is not less than **$7,679.57**, consisting of not less than $4,987.95 in delinquent contributions, and not less than $2,691.62 in late payment assessments.

18.  CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, has failed and refused to pay the amount of **$7,679.57** due Plaintiffs.

19.  Plaintiffs have complied with all conditions precedent in bringing this suit.

20.     Plaintiffs have been required to employ the undersigned attorneys to compel an audit and to collect the money that may be found to be due and owing from CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, in favor of Plaintiffs.

B.     Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to pay Plaintiffs $7,679.57, plus any additional amount shown to be due pursuant to any subsequent audit.

C.     Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to perform and continue to perform all obligations it has undertaken with respect to the Funds.

D.     Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.     Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT II
## (ERISA AUDIT)

1. - 20.   Plaintiffs reallege paragraphs 1 - 20 of Count I.

21.   Pursuant to the provisions of ERISA, the Collective Bargaining Agreement, and the Trust Agreements, CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

22.   Upon information and belief, CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound, all in violation of its contractual and statutory obligations.

23.   CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

24.   Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Enter judgment against CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, in favor of Plaintiffs.

B.  Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.  Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.  Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to perform and continue to perform all obligations it has undertaken with respect to the Funds.

E.  Order CHAD VANDER MEERSCH, individually and d/b/a VANDER MEERSCH LAWN IMPROVEMENTS, to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.  Grant Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted,
CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: /s/ Richard Toth

One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

# 118464

E/W 11/99

B/35

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between __Vander Meersch Lawn Imp.__ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   __3.00__ per hour to Central Laborers' Pension Fund  
   __2.70__ per hour to Central Laborers' Welfare Fund  
   __-0-__ per hour to Central Laborers' Annuity Fund  
   __.25__ per hour to Illinois Laborers' and Contractors' Training Trust Fund  
   __.05__ MRFFC  

   __.09__ per hour to Industry Advancement Fund  
   __5%__ Working Dues (% or cents per hour)  
   __.10__ LECET  
   __1.00__ Other __Vac Fund__  
   __.07__ Other __LPL__  
   __.02__ __IVLM__

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**  
Name of Business: __Vander Meersch Lawn Improvements__  
Address: __35406 1700 N. Ave.__  
City/State/Zip Code: __Arlington, IL 61762__  
Telephone: __815-794-2000__  
Authorized Signature: __C. M. Meersch__  
Title: __Owner__  
Date: __11-22-99__

NOV 1999 RECEIVED

**CENTRAL LABORERS' FUNDS**  
Authorized Signature: __[signature]__  
Title: Executive Administrator  

**UNION**  
Territory in which Agreement signed: Local __911__  
Authorized Signature: __[signature]__  
Title: __Business Manager__  
Date: __11-22-99__

PLAINTIFF'S EXHIBIT A

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246  
Pink copy: Employer  
Yellow copy: District Council or Local Union


1/864

# PARTICIPATION AGREEMENT

✓

1. This Participation Agreement is entered into between **Vander Meersch Lawn Improvements** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   **3.50** per hour to Central Laborers' Pension Fund
   **4.30** per hour to ~~Central Laborers' Welfare Fund~~ JCILH&W
   **1.00** per hour to ~~Central Laborers' Annuity Fund~~ JCILH&W
   **.40** per hour to Illinois Laborers' and Contractors' Training Trust Fund
   **.10** MRFFC

   **.11** per hour to Industry Advancement Fund
   **4.5 %** Working Dues (%) ~~or cents per hour~~
   **.12** LECT
   **2.00** Other Vacation Fund
   **.07** Other LPL
   **.02** FVLM.

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**
Vander Meersch Lawn Improvements
Name of Business
35406 1700 N. Ave
Address
Arlington IL 61312
City/State/Zip Code
815-599-1077
Telephone
_[signature]_
Authorized Signature
Owner
Title
6-4-03
Date

**CENTRAL LABORERS' FUNDS**
_[signature]_
Authorized Signature
Executive Administrator
Title

JUN 2003 RECEIVED

**UNION**
Territory in which Agreement signed: Local **393**
_[signature] Rockie Mann_
Authorized Signature
Field Rep
Title
6-4-03
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

Residential

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **Vander Meersch Lawn Improvements** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   **1.50** per hour to Central Laborers' Pension Fund
   **4.30** per hour to ~~Central Laborers' Welfare Fund~~ NCILH&W
   _____ per hour to Central Laborers' Annuity Fund
   _____ per hour to Illinois Laborers' and Contractors' Training Trust Fund
   _____ MRFFC

   _____ per hour to Industry Advancement Fund
   **27c** Working Dues (% or cents per hour)
   _____ LECT
   _____ Other
   _____ Other

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**
Vander Meersch Lawn Improvements
Name of Business
35406 1702 N Ave
Address
Arlington IL 61312
City/State/Zip Code
815-854-2000
Telephone
_____
Authorized Signature
Owner
Title
6-4-03
Date

**CENTRAL LABORERS' FUNDS**
_____
Authorized Signature
Executive Administrator
Title

JUN 2003 RECEIVED

**UNION**
Territory in which Agreement signed: Local **393**
Roger Mann
Authorized Signature
Field Rep
Title
6-4-03
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer